## BONNIE RUTH KIDD, by Next Friend, v. H. S. KIRBY.

Eastern Section. June 20, 1925.

Writ of Certiorari denied by Supreme Court October 17, 1925.

1. **Trial. Instructions. Courts instruction on negligence held good.**
   In an action by an infant plaintiff by her next friend to recover damages for injuries sustained by being run over by defendant's automobile, a general instruction on negligence, held left to the jury to say whether child of plaintiff's age was capable of acting prudently, and instruction was not prejudicial.

2. **Trial. Instructions. Not error to refuse to charge jury child four years old could not be charged with negligence.**
   In view of other instructions, held it was not error to refuse to instruct jury. "Plaintiff, being only four years old, could not be charged with negligence, either under the common law or for a violation of an ordinance of the city."

3. **Trial. Instructions. Held error to instruct jury on degree of care required where child crossed street at other than regular crossing where no evidence in case that she so crossed the street.**
   In an action by an infant plaintiff by her next friend to recover damages for injuries sustained by being run over by defendant's automobile, where there was no evidence that child crossed street at other than regular crossing it was error to instruct jury that defendant was bound to use more care to discover plaintiff if accident happened on crossing than if elsewhere.

Appeal in Error from Circuit Court, Knox County; Hon. A. C. Grimm, Judge.

Reversed and remanded.

Smith, Word and Anderson, of Knoxville, for plaintiff in error.
Jennings, Saxton & Wright, of Knoxville, for defendant in error.

SNODGRASS, J. This was an action for damage resulting to a little four year old girl, the daughter of the Next Friend, from having been run upon and against by an automobile driven by defendant, on Asylum street, in the city of Knoxville.

. The case was heard before the court and jury and resulted in a verdict for the defendant. The plaintiff filed a motion for a new trial, which being overruled he perfected an appeal to this court, and has made four assignments of error.

The first is, that the court erred in charging the jury as follows:

"The term negligence means a failure to exercise ordinary care, that is, such care as an ordinarily prudent person would exercise under similar circumstances. If the party guilty of such act or omission could by the exercise of ordinary care have anticipated or foreseen that an injury of such nature as the one which did occur, if one did occur, would probably result from such act or omission, such party would be guilty of negligence."

We do not think the first assignment had any prejudicial effect, or that the use of the term "party," if it had been used in the general definition of negligence, being accurate, would be reversible error, as it would still have been left to the jury to say whether a child of that tender age was capable of acting prudently, the law in such cases only supplying the presumption of a fact that they could not so act, and thus negligence is not attributable. But by using the term "defendant," which as a matter of fact appearing from the record the court did use, it was indicated that the court was avoiding any consideration of negligence on the part of the child, and therefore it was not misleading to have declined to charge special request No. 2, which was: That

"Plaintiff, being only four years old, could not be charged with negligence, either under the common law or for a violation of an ordinance of the city."

The first and fourth assignments are therefore overruled.

· But the court did err, and the error was manifestly prejudicial, in charging the jury as claimed in the second assignment, as follows:

"Now, gentlemen of the jury, the following provisions of this ordinance also has been introduced in evidence:

" 'Pedestrians shall not cross streets or highways except at the regular designated crossings, and then at right angles only.'

"This means that pedestrians have no right to cross the street except at regularly designated crossings, and then only at right angles, and it is insisted by the defendant that the place where

this little girl did cross the street was not at a regular designated. crossing, and that the defendant had no right to anticipate that any one would attempt to cross the street, and I call your attention to that simply to the end that you may weigh that situation in regard to the question of the defendant exercising due care.''

The court erred in failing to instruct the jury as stated in the third assignment, as follows:

''If you should believe from the preponderance of the evidence that the plaintiff was struck near the left hand side of said street, and that said street was about 40 feet wide, and that the defendant did not see the plaintiff before striking her, and that by the exercise of ordinary care he could have seen plaintiff sooner, and that his failure to see plaintiff sooner was negligence, and said negligence caused the accident, you should find for plaintiff.''

As insisted, there was no proof in the record that the part of the city of Knoxville where this accident happened has regular designated crossings, nor is there any proof that the plaintiff was not crossing at a regularly designated crossing, or was not crossing at right angles.

This charge under the circumstances affected the degree of care which the defendant owed at the particular place and circumstance of the accident. While the conduct of a child under four years may not be considered negligent, its appearance at a place where the defendant had no right to expect it, if indeed this was such a place, excused him from the duty of looking out for it, and only placed upon him the duty of reasonably acting after he had discovered it. Therefore this not having been shown to be a place where the child had no right to cross or be, the duty was resting upon him to maintain a reasonable lookout to discover, and upon this point of lookout the proof was, and is, conflicting.

R. L. Kidd, next friend of plaintiff, testified as follows:

That he was the father of Bonnie Ruth Kidd; that on March 7, 1924, at the time of the accident, he lived at 2015 Asylum Ave., Knoxville, Tenn.; that Charles T. Carroll, a brother-in-law of his also lived at 2015 Asylum Avenue; that Bonnie Ruth Kidd at the time of the accident was only about four years old; that he and his brother-in-law Carroll had been trying to get an automobile started, which was standing in front of his house, and that on account of the gas being low in the tank it was necessary for them to roll the car east down Asylum Avenue and into an alley leading out of Asylum Avenue on the south side of the street, and which is in front of the store of A. R. Davis, which was on the north side of

Asylum Avenue and on the said side on which he lived, but about three doors nearer town or east from where he lived; that he and his brother-in-law backed the automobile into said alley and waited for H. S. Kirby to pass, who was driving west on Asylum Avenue, "at a rate of speed which he guessed to be eighteen to twenty-two miles per hour; that he was standing looking at Mr. Kidd (meaning Mr. Kirby) as he passed, and that Mr. Kirby was looking around at him and his brother-in-law, and did not look forward until just before the time he struck Bonnie Ruth Kidd with his automobile; that Kirby was driving with his left wheels within six feet of the left curbing of Asylum Avenue, in the direction in which Kirby was driving; that the accident happened about twenty feet above the alley where he was standing; that he saw Bonnie Ruth Kidd just as the automobile struck her; that she had nearly crossed the street at the time of the accident; that when he and his brother-in-law were working on the automobile on the other side of the street Bonnie Ruth Kidd was out on the sidewalk watching them; that he told her to go back into the house and did not see anything more of her until just as the accident happened; that Mr. Kirby's back wheels skidded about ten feet before the car stopped; that Asylum Avenue at the point where the accident happened was about forty feet wide; that a delivery wagon or truck was standing on the north side of Asylum Avenue in front of Mr. A. R. Davis' store; that Mr. Kirby, the defendant, was in his home right after the accident happened and stated that he did not see the child which was struck by his car that he was driving until the child was on the bumper.

H. S. Kirby, for the defendant, testified as follows:

That he was driving his car in the city of Knoxville on Asylum street on the afternoon of March 7, 1924, before dark, going west on Asylum Avenue; that as he approached the alley in front of A. R. Davis' Store he noticed Mr. Kidd and another man standing opposite an automobile, but that he was on the lookout ahead as he passed this alley, and that on account of a truck going east on Asylum Avenue and pulling in to its left or on the north side of Asylum Avenue, to park in front of or near Mr. A. R. Davis' store, it was necessary for him to pull his automobile to the left and pass to near the center or to the left of the center of the street to pass said truck; that he was running about twelve or fifteen miles an hour and that he did not see Bonnie Ruth Kidd, the plaintiff in this suit, until she ran out from behind said truck fixing to park on the wrong side of the street, at which time she was practically against his bumper; that he immediately applied his brakes and brought his car to a stop after running eight or ten feet, the child's cap lying

back of his car where it fell off when the car struck her; that Mrs. H. S. Kirby was in the car with him.

It thus appears that notwithstanding the situation was really such that the defendant owed the plaintiff the duty of keeping a lookout ahead to discover her, if discoverable, the jury were practically and in effect told, without any circumstance in the proof justifying it, that they might consider the situation of that insistence in regard to the question of the defendant exercising due care. Due care meaning, in the one instance, if the child had a right to be there, looking ahead to discover her; or, if she were a trespasser, no obligation to look ahead to discover her; thus excusing looking around at plaintiff as he passed the alley, diverting attention in a close case like this, when time and attention was of the very essence of the situation. It is insisted by the plaintiff that the accident happened about twenty-feet east of the alley; that at the time the truck was parked on the opposite side of a forty foot street; that defendant was driving within six feet of the curbing on the side where the accident occurred, and that the child had nearly crossed the street. It is immaterial which side the jury believed. They might have taken either, and the court does not mean to intimate any opinion as to which contention is right, but only to emphasize the fact that there were two contentions, and the plaintiff had the right to have his fairly and directly presented to the jury, and failing in this he was prejudiced. The only way in which this could have been corrected was to have withdrawn this charge upon an abstract question not involved in the proof, which he was not asked to do, or to have submitted the correct proposition contained in said special request No. 1, which he was asked to do and refused.

For these errors the case is reversed and a new trial ordered. Defendant in error will pay the costs of this court.

Portrum and Thompson, JJ., concur.